Elizabeth V. McNulty (Bar No. 192455)
emcnulty@talawfirm.com
Christine Diaz Reynolds (Bar No. 265566)
creynolds@talawfirm.com
TAYLOR | ANDERSON LLP
19100 Von Karman Avenue, Suite 820
Irvine, California 92612
Tel. No.:  (949) 390-6500
Fax No.:  (949) 390-6510

Attorneys for Defendant
McNEILUS TRUCK AND MANUFACTURING, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH MEDLEY,<br><br>             Plaintiff,<br><br>v.<br><br>McNEILUS TRUCK AND MANUFACTURING, INC., and DOES ONE through ONE HUNDRED,<br><br>             Defendants. | Case No.  2:15-cv-02453-TLN-CKD<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Judge:       Hon. Troy L. Nunley<br>Crt. Rm.:    2, 15th Floor |

Subject to the approval of this Court, the parties hereby stipulate to the following protective order:

1) In connection with discovery proceedings in this action, the parties may designate any document, thing, material, testimony or other information derived therefrom, as "Confidential" under the terms of this Stipulated Protective Order (hereinafter "Order").  Confidential information is information which has not been made public and which concerns or relates to the processes, operations,

1  type or work, or apparatus, or to the production, sales, shipments, purchases, transfers, identification of customers, inventories, amount or source of any income, profits, losses, or expenditures of any persons, firm, partnership, corporation, or other organization, the disclosure of which information may have the effect of causing harm to the competitive position of the person, firm, partnership, corporation, or to the organization from which the information was obtained.

2)  By designating a document, thing, material, testimony or other information derived therefrom as "confidential," under the terms of this order, the party making the designation is certifying to the Court that there is a good faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g).

3)  Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any multipage document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party. The "CONFIDENTIAL" legend shall not obstruct any text or image in the documents so designated.

4)  Testimony taken at a deposition, conference, hearing or trial may be designated as confidential by making a statement to that effect on the record at the deposition or other proceeding. Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately.

5)  Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter "Confidential Material") shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

6) Confidential Material produced pursuant to this Order may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

a) a party, or an officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

b) experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

c) court reporter(s) employed in this action;

d) a witness at any deposition or other proceeding in this action;

e) any other person as to whom the parties in writing agree.

7) Prior to receiving any Confidential Material, each "qualified person" shall be provided with a copy of this Order and shall execute a nondisclosure agreement in the form of Attachment A, a copy of which shall be provided forthwith to counsel for each other party. With respect to retained experts, they shall likewise execute Attachment A, but all copies of the Attachment A shall be retained by counsel for the party retaining the expert until the close of litigation, at which time they will be provided to each other party.

8) The parties may further designate certain discovery material or testimony of a highly confidential and/or proprietary nature as "CONFIDENTIAL—ATTORNEY'S EYES ONLY" (hereinafter "Attorney's Eyes Only Material"), in the manner described in paragraphs 1 through 3 above. Attorney's Eyes Only Material, and the information contained therein, shall be disclosed only to the Court, to counsel for the parties (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" listed in subparagraphs 6(a) through (e) above, but shall not be disclosed

to a party, or to an officer, director or employee of a party, unless otherwise agreed or ordered.  If disclosure of Attorney's Eyes Only Material is made pursuant to this paragraph, all other provisions in this order with respect to confidentiality shall also apply.

9) In the event that a challenge is Made to a CONFIDENTIAL Designation, the following timing and procedures shall apply:

9.1 <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

9.2 <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

1          9.3     <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without
2  court intervention, the Designating Party shall file and serve a motion to retain
3  confidentiality under Local Rules of the United States District Court, Eastern
4  District of California, Rule 230 (and in compliance with Local Rule 141, if
5  applicable) within 21 days of the initial notice of challenge or within 14 days of the
6  parties agreeing that the meet and confer process will not resolve their dispute,
7  whichever is earlier. Each such motion must be accompanied by a competent
8  declaration affirming that the movant has complied with the meet and confer
9  requirements imposed in the preceding paragraph. Failure by the Designating Party
10 to make such a motion including the required declaration within 21 days (or 14
11 days, if applicable) shall automatically waive the confidentiality designation for
12 each challenged designation. In addition, the Challenging Party may file a motion
13 challenging a confidentiality designation at any time if there is good cause for
14 doing so, including a challenge to the designation of a deposition transcript or any
15 portions thereof. Any motion brought pursuant to this provision must be
16 accompanied by a competent declaration affirming that the movant has complied
17 with the meet and confer requirements imposed by the preceding paragraph.  The
18 burden of persuasion in any such challenge proceeding shall be on the Designating
19 Party. Frivolous challenges, and those made for an improper purpose (e.g., to
20 harass or impose unnecessary expenses and burdens on other parties) may expose
21 the Challenging Party to sanctions. Unless the Designating Party has waived the
22 confidentiality designation by failing to file a motion to retain confidentiality as
23 described above, all parties shall continue to afford the material in question the
24 level of protection to which it is entitled under the Producing Party's designation
25 until the court rules on the challenge.
26         10)    Nothing herein shall impose any restrictions on the use or disclosure
27 by a party of material obtained by such party independent of discovery in this
28 action, whether or not such material is also obtained through discovery in this

1  action, or from disclosing its own Confidential Material as it deems appropriate.

2  11) If Confidential Material, including any portion of a deposition
3  transcript designated as Confidential or Attorney's Eyes Only, is to be included in
4  any papers to be filed in Court, the Party filing such papers shall first obtain a
5  Court Order to file the Confidential Material under seal pursuant to Local Rules of
6  the United States District Court, Eastern District of California, Rule 141.  Any
7  party filing such papers with the Court shall label the papers "Confidential—
8  Subject to Court Order".  In the event that any Confidential Material is used in any
9  court proceeding in this action, it shall not lose its confidential status through such
10 use, and the party using such shall take all reasonable steps to maintain its
11 confidentiality during such use.

12 12) This Order shall be without prejudice to the right of the parties (i) to
13 bring before the Court at any time the question of whether any particular document
14 or information is confidential or whether its use should be restricted or (ii) to
15 present a motion to the Court under FRCP 26(c) for a separate protective order as
16 to any particular document or information, including restrictions differing from
17 those as specified herein.  This Order shall not be deemed to prejudice the parties
18 in any way in any future application for modification of this Order.

19 13) This Order is entered solely for the purpose of facilitating the
20 exchange of documents and information between the parties to this action without
21 involving the Court unnecessarily in the process.  Nothing in this Order nor the
22 production of any information or document under the terms of this Order nor any
23 proceedings pursuant to this Order shall be deemed to have the effect of an
24 admission or waiver by either party or of altering the confidentiality or non-
25 confidentiality of any such document or information or altering any existing
26 obligation of any party or the absence thereof.

27 14) This Order shall survive the final termination of this action, to the
28 extent that the information contained in Confidential Material is not or does not

become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Upon termination of this case, counsel for the parties shall assemble and return to each other all documents, material and deposition transcripts designated as confidential and all copies of same, or shall certify the destruction thereof.

SO STIPULATED:

Dated:   October 25, 2016         WALKUP, MELODIA, KELLY & SCHOENBERGER

/s/ Spencer Pahlke (as authorized on October 25, 2016)
Spencer Pahlke
Attorney for Plaintiff
KENNETH MEDLEY

Dated:   October 25, 2016         TAYLOR | ANDERSON, LLP

/s/ Elizabeth V. McNulty
Elizabeth V. McNulty
Christine Reynolds
Attorneys for Defendant
McNEILUS TRUCK AND MANUFACTURING, INC.

| | | |
|---|---|---|
| 1 | Dated: October 25, 2016 | LENAHAN, LEE, SLATER |
| 2 | | & PEARSE, LLP |

/s/ Adam Ambrozy (as authorized on October 25, 2016)

Adam Ambrozy
Attorney for Plaintiff in Intervention
USA WASTE MANAGEMENT, INC.

# ORDER

**GOOD CAUSE APPEARING,** the Court hereby approves this Stipulated Protective Order.

**IT IS SO ORDERED.**

Dated: November 1, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE